Burket, C. J.
Briefly stated, the record discloses, that the general term of the Superior Court of Cincinnati rendered a final decree finding’ that the Inclined Plane Railway Company was liable to pay one hundred dollars per annum license fee for each car operated for a given time, and perpetually enjoining the company from maintaining’ its tracks and operating its cars on certain streets, and in this decree ordered that the operation of the decree should be stayed for six months, with liberty to apply for an extension of said time. In this decree it was “ordered adjudged and decreed that the cause be remanded to the Superior Court'in special term for trial, for the purpose of determining the amount in money which plaintiff is entitled to recover from defendant.”
It will be noticed that the final decree was not by its terms remanded to the special term for any purpose, and that the cause was remanded to the special term for one purpose only, and that was for the purpose of determining the amount in money which plaintiff was entitled to recover from defendant.
' Section 495, Revised Statutes, empowers the special term to vacate or modify its own judgments or orders, rendered at a special term, but we find no statute authorizing the special term to vacate or modify a judgment or order rendered at general term.
Upon the trial of the cause at special term, the special term rendered no decree, but. certified the evidence in writing to the general term, and the general term rendered the decree upon what is known as a bill of evidence, and the statute does not require the general term to remand a judgment so rendered to the special term for any purpose.
*693 When the general term reverses a judgment or order of the special term, upon proceedings in error, the general term has power to render such judgment as should have been rendered at special term, or remand the cause to the special term for judgment. Section 199a, Revised Statutes. But as the judgment or decree in question was not rendered upon proceedings in error, but upon a bill of evidence, this section does not apply, and affords no authority for remanding the cause or judgment to the special term.
Neither does section 6726, Revised Statutes, furnish any authority for remanding a judgment rendered by the general term on a bill of evidence, to the special term for execution, or for any other purpose.
Section 503, Revised Statutes, provides that the special term may reserve and adjourn for the decision of such court in general term, any question of law or fact arising in any case upon the record, or upon evidence in writing, and when the decision of such questions authorizes or requires a final order or judgment, the same may • be entered by the court in general term. In the case at bar, the question as to the right of the Inclined Plane Railway Company to occupy certain streets, and the granting of a perpetual injunction, authorized and required a final judgment by the general term, but the decision of the question of the amount due for car license, did not require a final judgment, and no final judgment could • be rendered until an account should be taken, and therefore that part of the cause was very properly remanded to the special term for trial. But we find no authority, express or implied, for remanding a final judgment rendered on a bill of evidence at the general term, *694 to the special term for further proceedings as to such judgment. In the further trial of the cause at special term, the final judgment of the general term must stand in full force, and cannot be reversed, reviewed, vacated or modified at special term, but must be held and taken as an unalterable factor in moulding the decree covering the whole ease, upon the further hearing at special term. This inevitably follows from sections 499 and 503, which provide that judgments rendered and final orders made by the general term, may be reversed, reviewed, vacated or modified, only by the Supreme Court.
The remanding of the cause by the general term to the special term, December 18, 1896, “for further proceedings in accordance with the terms of the decree and judgment in this case,” was no broader than the remand in the original decree for trial for the purpose of determining the amount in money which plaintiff was..entitled to recover from defendant, and gave no power or control to the special term over the final decree of the general term. The suspension of the operation of the decree was made by the general term, and the liberty to apply for a further suspension, is liberty to apply to the general term, and the remanding of the cause December 18, 1896, above shown, did not remand the decree to the special term with liberty to apply to that term for a further extension of time, but only remanded the cause, which in legal effect, was so much of the cause as remained unadjudicated.
That which had already been adjudicated and carried into the decree did not need any furthér proceedings.
*695 To say that remanding the cause to the special term “for further proceedings in accordance with the terms of the decree and judgment in this case,” was in legal effect remanding the judgment for execution, does not help the matter, because the action of the special term was not in execution of the judgement, but in suspension thereof. To suspend the operation of a judgment with an added liberty of applying for a still further suspension, is not carrying it into execution.
The further extension of time, as to process of execution, while it is not, strictly speaking, a modification of the judgment, in its legal effect partakes somewhat of that nature, and should be made by the court which rendered the judgment, or has control of it on error, or control of an execution issued on it.
Instead of applying' to the general term for a further suspension of the decree, the Inclined Plane Company filed a petition in error in this court to reverse the final judgment of the general term, and this court having thus obtained jurisdiction of the judgment, on motion for that purpose, suspended its operation until the petition in error could be heard and disposed of by this court. *
Upon hearing the petition in error, this court affirmed the judgment, and sent a special mandate to the general term of the Superior Court to carry its judgment into execution.
The judgment of affirmance by this court and the mandate, commanded the general term to carry the original judgment into execution, and did not authorize the general term to remand the judgment still further down the line to the special term, or a judge thereof, to carry the judgment into execu *696 tion, or suspend its operation for such, time as might be thought proper. When this court affirmed the decree of the general term, and sent its mandate to that term to carry its judgment into execution, it became the duty of the general term, and it had the power, by virtue of section 6726, to “proceed in the same manner as if such judgment had been rendered therein. ” The language of the section on this point, is the same as when it applied only to such judgments as a higher court proceeded to render after reversing the judgment of a lower court, and when the statute was made applicable in 1870, to judgments of affirmance, as well as to reversals, the language as to what the lower court might do under the mandate was left unchanged. As applied to cases in which the judgment is affirmed, it means that the lower court shall proceed after affirmance, in the same manner as if no proceedings in error had been prosecuted.
That part of section 6726, which authorizes a suspenson of an execution by the court before which it is made returnable until the matter can be further heard, is applicable only to executions issued out of a higher court and made returnable in a lower court, and is not applicable to executions issued out of the same court to which they are returnable. This is the plain import of the words used, and is manifest from the different statutes which were passed at an early day, and amended from time to time, and finally broug-ht together in what now forms section 6726.
See Chases Statutes, vol. 1, 562, section 11; 707, section 15; vol. 2, 796, section 11; vol. 3, 1689, section 106., Code of Civil Procedure section 526, and subsequent amendments. As no execution *697 was issued from a higher to a lower court in this case, that part of the section is not applicable here.
When this court passed upon the petition in error, it had power to so modify the decree as to provide for a further suspension of its operation after affirmance, but that power was not invoked, and no good cause being made to appear, the judgment was affirmed generally, and remanded for execution. When the mandate reached the general term, it had power to proceed in the same manner as if no proceedings in error had been prosecuted.
No application was made to the general term for futher suspension within the six months granted in the decree, nor was any application made to the general term for a further suspension when the mandate was received from this court. In fact no application was ever made to the general term for a further suspension. The general term had no power to remand the final decree to the special term, so as' to permit an application for further suspension to be made and allowed at special term, and the special term in granting the suspension of December 19, 1896, acted without jurisdiction of the subject matter. The injunction granted April 13, 1897, is based upon the order of suspension of December 19, 1896, and by its terms is to expire with that order.
The general term erred in affirming the judgment of the special term as to the suspension of December 19, 1896, and the special term erred in granting the injunction of April 13, 1897.
The judgment of the general term, affirming the suspension granted by the special term, is reversed with costs, and the judgments of the special term, granting said suspension, and said in *698 junction, are both reversed with costs, thus leaving the original decree in full force and operation, and to be executed according to law.

Judgments reversed.

After the cases were decided and the opinion prepared, the Inclined Plane Railway Company on June24,1897, filed its motion in the superior court in general term, and thereby applied for a further suspension of the operation of the judgment of October 21,1893 in this case, and the general term on the same day granted said application, and ordered that the operation and enforcement of said injunction in said final decree be suspended until June 30, 1897, to which the city excepted, and at once prepared, and on leave of this court, filed its supplemental petition in error to reverse said order of suspension.
Thereupon this opinion was extended, and the fourth subdivision of the sjdlabus added, determining the questions arising on the supplemental petion in error.
This presents the question, whether a court has the power, not only to control the process of execution by which its judgments may be enforced, but to suspend the operation of its judgments rendered at a former term, when such suspension is not sought in pursuance of the statutes regulating the vacation and modification of judgments after the close of the term at which they are rendered.
Upon the affirmance of the judgment of October 21, 1893, the general term had power when it received the mandate from this court, to “proceed in the same manner as if such judgment or final order had been rendered therein” section 6726, Revised Statutes.
*699 Bub what power had the court at general term over the operation of its final judgments rendered after the close oí the term at which they were rendered? Manifestly none, unless in pursuanceof the statute for the vacation and modification of such judgments. No process for the' execution of the judgment was issued, and therefore the question as to the power of the court over the execution of its judgments, does not arise in this case.
The power of the court to suspend the operation of the judgment, if it exists at all, must be found in the reservation in the entry, to the effect that the operation of the decree should be stayed for the period of six months, with liberty to apply for an extension of said time. But that six months was permitted to expire without an application for a further extension, and thereby the judgment, as to the court rendering it, became absolute, and thereafter the court had no power to take up the case and make a further extension. To then suspend the operation of the judgment by the court rendering it, would be to modify the judgment, and that can only be done in pursuance of the statute, or by a higher court on error, or by virtue of a power reserved in the judgment itself, whereby the court retains control of the operation of the judgment for a certain time, with liberty to apply for further extension of the time; and if the time for which the operation of the judgment is suspended is allowed to expire without obtaining a further extension of time, the judgment becomes absolute, and the court thereafter can not further extend such time.
Where the entry of the judgment provides that its operation is suspended for a certain time, with liberty to apply to the court for an extension of *700 such time, a suspension of the operation of the judgment by virtue of the power so .reserved in the entry, is not a modification of the judgment. The judgment in such case remains the same as originally entered, and when the suspension of its operation expire, the original judgment must be carried into execution. The legal effect is the same as when the execution of a judgment is suspended under the supersedeas' statute, in which case the judgment is not modified, but its execution is stayed by order of the court having jurisdiction of it on proceedings in error. Lewis v. Commissioners, 14 Ohio St., 515. In the one case the stay is by virtue of the power reserved in the entry of the judgment, and in the other the stay is by virtue of the power granted in the supersedeas statutes.
The time for which the operation of the judgment in this ease was stayed by the general term, having expired, and no application having been made for further time before the expiration of the suspension granted in the entry of the judgment, it follows that the general term had lost all power over the judgment under the right reserved in the entry thereof, and that’ therefore the further suspension thereof on June 24, 1897, is void.
Order of suspension reversed.